GEORGE R. LOSEY and Others, Respondents, *v.* LEONORA STANLEY, as Administratrix, etc., of JAMES W. STANLEY, Deceased, and Others, Appellants, Impleaded with Others.

*Appointment by the Supreme Court of a successor to a deceased testamentary trustee — the appointment of the cestui que trust is irregular, not void — actions and special proceedings defined — service of process by a party to a special proceeding — mortgage given by a trustee to secure his liability individually and as trustee — failure of a trustee to properly apply the money received on the mortgage.*

A person cannot, at the same time, be trustee and beneficiary of the same identical interest.

Where a testamentary trustee dies the trust vests in the Supreme Court with all the powers and duties of the original trustee, and such court, as the successor of the Court of Chancery, has general jurisdiction to appoint a trustee in place of the one dead or removed; where such court obtains jurisdiction of proceedings taken to secure the appointment of a successor of a deceased testamentary trustee, it will not appoint a life tenant of the trust a trustee thereof, and if an appeal be taken from its order appointing the life tenant such trustee, such order will ordinarily be reversed, but the fact that the appointment was an improper one simply renders it irregular, and not void.

The word " action," when applied to a judicial proceeding, signifies an ordinary prosecution in a court of justice by one party against another for the enforcement or protection of a right, the redress or prevention of a wrong, or the pun-

ishment of a public offense. Every other prosecution by a party for any one of the purposes specified in section 3333 of the Code of Civil Procedure is a special proceeding.

The fact that a party to a special proceeding serves the process commencing the same is a mere irregularity, and does not make the proceeding void.

The fact that a mortgage given by a trustee upon real estate under the authority of the court, provides that it shall be security for the personal liability of the trustee as well as for his liability as such trustee, does not affect the validity of the judgment of foreclosure of the mortgage where such judgment relates only to his liability as trustee.

The failure of a trustee to apply the moneys received by him upon the execution of a mortgage, authorized by the Supreme Court, for the benefit of the trust estate, cannot affect the rights of the mortgagee who, under the provisions of section 66 of the Statute of Uses and Trusts, is not required to see to the application of the moneys advanced thereon.

APPEAL by the defendants, Leonora Stanley, as administratrix, etc., of James W. Stanley, deceased, and others, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Monroe on the 22d day of January, 1894, upon the decision of the court, rendered after a trial at the Monroe Special Term, directing the foreclosure and sale of certain mortgaged premises, with notice of an intention to bring up for review upon such appeal the interlocutory judgment entered in said clerk's office on the 28th day of April, 1892.

*Joseph W. Taylor,* for the appellants.

*William F. Cogswell,* for the respondents.

LEWIS, J.:

On the 28th day of March, 1875, Elizabeth Jane Stanley died, leaving a last will, which was admitted to probate on the 24th day of March, 1881, by which she devised all her estate to Martin Briggs, as executor and trustee, in trust, to convert her personal estate into money, and invest the same and take charge of, rent and to receive the income and profits of the real estate, and, if by him deemed advisable, to sell and convey the real estate and convert the same into money, to be invested in good securities, and to pay the net income quarterly to her son, James W. Stanley, during his life, and after his death she gave such estate to the children of James, if he should leave any, in equal shares, and in case he should leave no descendants, then it was to go to certain legatees named. Briggs

accepted the trust, and acted as trustee up to the time of his death, on the 24th day of December, 1883. In October, 1884, J. W. Stanley instituted proceedings in the Supreme Court for the appointment of a trustee in the place of Briggs, deceased, and on the 10th day of November, 1884, the court appointed said James W. Stanley as such trustee. He qualified, filed his bond, and continued to act as such trustee until the time of his death in July, 1890. In the month of July, 1888, Stanley presented a petition to the Supreme Court for leave to sell or mortgage the real estate, stating in the petition as a reason therefor that it was necessary for the purpose of preserving and improving the estate, that the dwelling houses were out of repair, and could not be rented without being repaired, and that in its then condition the property would rapidly decrease in value, and that there were about $500 of unpaid taxes on the property. An order was made at a Special Term of the court on the 15th day of October, 1888, directing that notice of such application should be given to Arthur G. and Leonora J. Stanley, the infant children of the petitioner, by serving a notice, together with a copy of the petition, upon them personally and upon their mother. Afterwards, and on the 22d day of October, 1888, an order was granted authorizing and permitting Stanley to mortgage the premises for the sum of $3,500. Stanley executed and delivered to the plaintiffs the mortgage which this action is brought to foreclose. It is stated in the mortgage that it was given as collateral security for the payment of a promissory note made by said Stanley for $1,000, which was indorsed by the plaintiffs Losey, Marcy and Leutchford and as a continuing security for any renewal or renewals thereof or for future advances or responsibilities which the said mortgagees might make or incur for said Stanley, either personally or as trustee, and as a general security for any and all balances which might be due and unpaid from time to time and at any time or times from said Stanley personally or as trustee to said mortgagees, or any of them, for any cause or causes not exceeding a balance of $3,500 at any one time.

Stanley thereafter, upon his promissory notes secured by said mortgage, borrowed money from time to time, and at the time of his death there were outstanding notes held by the plaintiffs aggregating the sum of $3,500. Stanley appropriated the money, thus borrowed to his own use, failed and neglected to repair the buildings

or pay the taxes upon the property. At the time of granting the order to mortgage the property the affidavit of Stanley was presented showing that he had duly served a copy of the affidavit and a notice of the application for the order and a copy of the petition upon the children and their mother personally. From the judgment entered on the findings and decision of the court at Special Term directing a judgment for a foreclosure of the mortgage this appeal was taken. It is claimed that James W. Stanley, being the sole beneficiary of the trust created by his mother's will, his appointment as trustee was void and that all his acts thereunder were void. It is undoubtedly true that if Stanley had been appointed trustee by the will the appointment would have been invalid, for it is a general rule that a person cannot be, at the same time, trustee and beneficiary of the same identical interest. But when Briggs, the testamentary trustee, died, the trust vested in the Supreme Court with all the powers and duties of the original trustee. (1 R. S. 730, § 68.) The Supreme Court, as the successor of the Court of Chancery, has general jurisdiction to appoint a trustee in the place of one dead or removed. (*People* v. *Norton*, 9 N. Y. 176.) The testamentary trustee having died, a petition was duly presented to the court by James W. Stanley praying the court to appoint a suitable person in his place and stead. That gave the court jurisdiction of the proceeding and it appointed Stanley trustee and he qualified, filed his bond as trustee and continued to act as such down to the time of his death. Had the attention of the court been called to the fact that he was a life tenant he would undoubtedly not have been appointed, or had an appeal been taken from the order it would probably have been reversed. The court had power to make an appointment; the fact that the appointment was an improper one was irregular simply. (*Bangs* v. *Duckenfield*, 18 N. Y. 592.) The trust originally created by the will was concededly legal, and being such and the trust devolving upon the court by the death of the trustee, its selection of an improper person to carry out the direction of the court did not make the order void. (*Rogers* v. *Rogers*, 111 N. Y. 228.)

The only proof upon the trial of the service of copies of the notice of the application for the appointment of Stanley as trustee, and of the petition upon the infants, was the affidavit of the petitioner

Stanley. Mrs. Stanley and her two children testified upon the trial that the notice and petition were never served upon them. The trial court found as a fact that the papers were properly served, as stated in the affidavit of Stanley. It is, we think, much more probable that Mrs. Stanley and her children had forgotten the fact of their service, than that Mr. Stanley, without, so far as appears, the slightest motive, deliberately committed perjury in making the affidavit. He was at the time living with his family on terms of friendship and affection, his wife and children having the utmost confidence in his integrity and in his judgment.

The written consent to the granting of the order was given by all the adult residuary legatees. The propriety and necessity for the order the petitioner had no reason to suppose would be questioned by any one, certainly not by his wife or his children. One of the children at the time being ten and the other fourteen years old, children of such ages would be quite unlikely to remember such an occurrence. It would be quite alarming if securities like this, years after they are taken and money advanced upon them, and after the party executing them is dead, could be attacked and destroyed by the testimony of witnesses to the effect that they had no recollection of the service of a notice requisite to the validity of the instrument. This notice was served by Stanley personally, and it is the contention of the appellants that the service was void for the reason that Stanley was a party to the proceeding, and our attention is called to sections 425 and 433 of the Code of Civil Procedure, which provide that service of a summons for the commencement of an action or a process, or other paper whereby a special proceeding is commenced in court, may be made by any person other than a party to the action. This was not an action; was it a special proceeding? An action when applied to a judicial proceeding signifies an ordinary prosecution in a court of justice by a party against another party for the enforcement or protection of a right, or redress, or prevention of a wrong, or the punishment of a public offense. (Code, § 3333.) Every other prosecution by a party for any of the purposes specified in the last section is a special proceeding. (Code, § 3334.) It may well be doubted if this was a special proceeding within the meaning of this section. But if it should be held to be a special proceeding the service of the papers by Stanley was a mere

irregularity and did not make the proceeding void. A special guardian was appointed for the infants, upon the hearing of the application, for the purpose of protecting their interests, and he reported that he had been served with the petition and orders, and that, after a careful examination of the petition and of the matters therein contained, in his opinion it was for the best interests of the infants that the prayer of the petition be granted and that the petitioner, James W. Stanley, be permitted to sell or mortgage the property.

The mortgage was given to secure any balance which might be due from Stanley personally, and also to secure any balance which might be due from him as a trustee. The fact that it provided for his personal liability is not material, for the judgment provided only for the liability he had incurred as trustee of the estate. The promissory notes for which the mortgage was adjudged to be security were all made by Stanley as such trustee, and were either payable to the mortgagees personally or they were liable thereon as indorsers or guarantors, and their liability upon the paper had been duly fixed by due notice of protest.

The trustee failed to appropriate the money for the benefit of the property, but for this failure the plaintiffs who advanced the money were not responsible. They were not required to see to the application of the moneys raised upon the mortgage. " No person who shall actually and in good faith pay a sum of money to a trustee, which the trustee as such is authorized to receive, shall be responsible for the proper application of such money according to the trust, nor shall any right or title derived by him from such trustee in consideration of such payment be impeached or called in question in consequence of any misapplication by the trustee of the moneys paid." (1 R. S. 730, § 66.)

The history of the case shows many errors and irregularities, many of them of quite serious import; and while the case is not free from serious doubts, we are of the opinion that the judgment was correct and that it should be affirmed, with costs, to be paid out of the proceeds of the sale of the mortgaged property.

Dwight, P. J., Haight and Bradley, JJ., concurred.

Judgment appealed from affirmed, with costs.